**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IVANA DURICKOVIC,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

CASE NO. 5:26-cv-06429-SK

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

A File No. 209-733-339

Petitioner Ivana Durickovic is a national or citizen of Montenegro detained at the Adelanto ICE Processing Center and charged with removability as a tourist-visitor overstay. She was arrested at Los Angeles International Airport by immigration authorities on or about August 14, 2026 and detained at the airport once she was reasonably confirmed to lack lawful status given her expired tourist visa. Afterward, at her request, petitioner was provided a custody redetermination hearing on or about September 11, 2026. The immigration judge at that time ordered petitioner detained pending her removal proceedings as a flight risk. Petitioner then reserved her right to appeal that order to the Board of Immigration Appeals (BIA). Still, rather than pursue that administrative remedy to conclusion, petitioner seeks unconditional release now under 28 U.S.C. § 2241.

Presuming the parties' familiarity with the material facts of the case, the court denies the petition based on the following findings and conclusions:

1. Petitioner received all the process due under the Immigration and Nationality Act, the Due Process Clause, and any relevant agency regulations. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022); *cf. DHS v. Thuraissigiam*, 591 U.S. 103,

138 (2020) ("[T]he decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.") (quoting *Nishimura Ekiu v. United States*, 142 U.S. 651, 660 (1892)).

2. Even assuming that, as petitioner asserts, she was constitutionally entitled to notice and a pre-detention hearing (by which she evidently means not only advance warning of her arrest but a right to be summoned instead to a prescheduled detention hearing), the remedy for that asserted procedural due process violation is not invariably unconditional release. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."). Because habeas petitions must be resolved "as law and justice require," 28 U.S.C. § 2243, "federal courts may delay the release of a successful habeas petitioner in order to provide the [government] an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *accord Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020). Indeed, were it categorically otherwise, there would be no meaning or purpose to the well-established principle that habeas relief for a procedural due process violation can be denied altogether—absent a showing of prejudice. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008); *accord Herman v. DHS*, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *4 (C.D. Cal. June 12, 2026) (requiring prejudice showing for habeas claim that the petitioner's "sudden re-detention—without notice or a meaningful opportunity to be heard why he should not be detained—violated due process").

3. Certainly, that is why for detainees like petitioner—who were never previously released on bond or parole and are subject to discretionary detention only—federal courts have routinely (though admittedly not uniformly or always consistently) remedied any arguable procedural due process violations with a conditional habeas writ, ordering release within a set time unless the detainees are given a prompt detention

hearing before an immigration judge consistent with 8 U.S.C. § 1226(a). *See, e.g.*, *Mendez v. Senior Warden, Adelanto Det. Facility*, No. 5:26-CV-03901-DOC, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026); *Fuentes v. Mullin*, No. 5:26-CV-01651-KS, 2026 WL 1847436, at *8 (C.D. Cal. June 25, 2026); *Ramirez v. Warden*, No. 5:26-CV-02714-CV, 2026 WL 1658506, at *2 (C.D. Cal. June 5, 2026); *Herrera v. Mullin*, No. 5:26-CV-01561-CAS, 2026 WL 915184, at *1 (C.D. Cal. Apr. 3, 2026); *Zabala v. Bowen*, No. 5:26-CV-0918-MRA, 2026 WL 874740, at *2 (C.D. Cal. Mar. 26, 2026).

4. To be sure, citizen or noncitizen, petitioner generally "has a private interest in remaining free," but that does not necessarily mean she "possess[es] the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole." *Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-00725-RBM, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026). Thus, her reliance on lower-court cases that may have ordered unconditional release "when the Government seeks to re-detain a noncitizen previously released under Section 1226(a)" is entirely misplaced in her case. *Herman v. DHS*, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *4 (C.D. Cal. June 12, 2026); *see Sheng v. Janecka, et al.*, No. 5:26-CV-04398-BFM, 2026 WL 2365088, at *1 (C.D. Cal. Aug. 14, 2026) (finding "analogy to that body of caselaw fails, however, because Petitioner was not previously released on parole"); *Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (explaining that in cases ordering immediate release for procedural due process violations, "petitioners had been previously released by immigration authorities based on a determination that their detention was not necessary, only to be later re-detained"). After all, petitioner cannot fit that category since she was admitted on a tourist visa—and thus had permission to enter the country for the duration of the visa—with no need for any immigration official to determine at the time "that she was *not* a flight risk, national security threat or threat to others." (ECF 1 at 3) (emphasis added).

5. Petitioner is equally mistaken when she contends that "[t]he *only* legitimate interests that civil immigration detention serves are mitigating flight risk and preventing danger to the community." (ECF 1 at 5). To the contrary, the overriding purpose of detention pending removal proceedings is to determine removability and, if found removable, to effectuate removal from the country. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (prohibiting post-removal-order detention only when "the Government finds itself unable to remove" a noncitizen who then otherwise faces "an indefinite term of imprisonment within the United States"). To be sure, whether the Executive *should* arrest and detain those like petitioner pending their removal proceedings is a legitimate policy question (and the valid subject of public debate)—but that is different from whether the Executive *can* detain those like petitioner who remain in the United States without lawful status. And it is Congress, not the federal judiciary, that enjoys "broad power over naturalization and immigration"—and thus "regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976); *see Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (The Supreme Court "has repeatedly emphasized that 'over no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens.") (quoting *Oceanic Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909)).

6. Petitioner's demand for unconditional release fares no better to the extent that she relies on the circumstances around her airport arrest. *See, e.g.*, *Mendez*, 2026 WL 2449572, at *3 ("[R]elease from custody would not follow as the proper § 2241 remedy for the mere absence of an arrest warrant or the failure to serve it."). Even if she was arrested without an administrative warrant (or was not timely provided one right after her arrest), her remedy for that procedural defect does not lie in individual habeas

corpus.[1] *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923); *see also Lopez-Mendoza*, *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (The "body" of an unlawfully arrested detainee is not "itself suppressible as a fruit of an unlawful arrest."); *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("[D]efects in an arrest are not cognizable in habeas corpus."); *Sormunen v. Nagle*, 59 F.2d 398, 398-99 (9th Cir. 1932) (habeas petitioner's "contention that he was taken in custody prior to the issuance of a warrant of arrest is immaterial"); *Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932) ("Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law.") (quoting *Bilokumsky*, 263 U.S. at 158).

7. Besides, "no matter the circumstances of the arrest that brought [her] into custody initially, petitioner [had] the chance to obtain release—and thus supersede [her] initial seizure—at a custody redetermination hearing before an immigration judge." *Mendez*, 2026 WL 2449572, at *3. "Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [petitioner's] detention is illegal today." *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Maleng v. Cook*, 490 U.S. 488, 490-93 (1989) (per curiam). So even if there were any antecedent violations of applicable regulations or procedures before her bond hearing, the relevant question now under § 2241 is whether her immediate detention—under the immigration judge's superseding September 2026 detention order—is a violation of federal law. *See*,

---

[1] Nothing in this order, of course, forecloses petitioner's other remedies for an unlawful immigration arrest, including suppression of evidence in her removal proceedings, *see United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006); *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1443 (9th Cir. 1994), or a separate damages action for alleged false imprisonment, *see Ibarra-Perez v. United States*, 154 F.4th 989, 999–1000 (9th Cir. 2025). That these remedies necessarily fall short of unconditional release does not mean that the writ of habeas corpus expands to cover that shortfall.

*e.g.*, *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026); *L-J-P-L-v. Wamsley*, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025).

8. On that score, petitioner is mistaken to suggest that the Fifth Amendment required the government (rather than her) to bear the burden of proving—by clear and convincing evidence no less—that she should be detained at the initial custody redetermination hearing under § 1226(a). To the contrary, the "Ninth Circuit has squarely upheld the constitutionality of placing the burden on the noncitizen in § 1226(a) bond proceedings." *Wang v. Semaia*, No. 5:26-cv1028-MWF, 2026 WL 1047907, at *2 (C.D. Cal. Apr. 14, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1210–12). As the Ninth Circuit recently underscored: "A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Rodriguez Vazquez*, 183 F.4th at 1167. And it reiterated that there is "no Supreme Court case placing the burden on the government to justify the continued detention of an alien, much less through an elevated 'clear and convincing' showing." *Rodriguez Diaz*, 53 F.4th at 1211. Thus, petitioner's citations to nonbinding lower court decisions seemingly saying the opposite (if their facts are even analogous to those here) cannot carry the day.[2]

9. Finally, to the extent that petitioner wants to challenge the immigration judge's discretionary detention determination, *see* 8 U.S.C. § 1226(e), she needs to exhaust her administrative remedies first. *See Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *Puga v. Chertoff*, 488 F.3d

[2] Even for a second custody redetermination hearing, it is still the petitioner who must show materially changed circumstances. *See* 8 C.F.R. § 1003.19(e). That said, nothing in this order would impair petitioner's unique right within this district to a prolonged detention hearing—the so-called *Rodriguez* bond hearing—if she remains detained here for six months or more. *See Rodriguez v. Holder*, No. CV 07-03239-TJH, 2013 WL 5229795, at *2-3 (C.D. Cal. Aug. 6, 2013). At that district-specific hearing, the government must prove the need for continued detention past six months by clear and convincing evidence. *See id.*

812, 815 (9th Cir. 2007); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007). Otherwise, "excusing exhaustion in a routine immigration bond dispute like the one here would set a troubling precedent; it would invite every detainee who disagrees with an immigration judge's decision to skip the BIA and petition directly in federal court." *Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026). "To be sure, the court is mindful that requiring exhaustion means that petitioner will remain detained during the pendency of a BIA appeal—a consequence that is neither trivial nor cost-free." *Id.* at *15. But if the exhaustion requirement is to serve its purpose, the court cannot allow the limited exceptions to "swallow the rule." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). "Beyond unusual or exceptional cases, then, exhaustion of administrative remedies should be the norm for ordinary case- or petitioner-specific challenges to bond denials based on the individual and specific facts of a single case." *Fan*, 2026 WL 2276462, at *10. So it is here.

* * *

For all these reasons, the habeas petition here is denied. Judgment dismissing this action without prejudice will be entered accordingly. Meanwhile, the court retains jurisdiction over any successive action under 28 U.S.C. § 2241 filed here, alleging that petitioner IVANA DURICKOVIC (A# 209-733-339) is being held in immigration custody within this district in violation of federal law. *See* 28 U.S.C. § 1651; *see also* *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).

IT IS SO ORDERED.

DATED: October 30, 2026

STEVE KIM
United States Magistrate Judge